UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3615 GAF (AJWx) | Date | July 18, 2011 |
|---|---|---|---|
| Title | Jazan Wild v. NBC Universal et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**     **(In Chambers)**

### ORDER RE: MOTION FOR ATTORNEYS' FEES AND COSTS

### I. INTRODUCTION AND BACKGROUND

Plaintiff Jazan Wild dba Carnival Comics ("Plaintiff" or "Wild") brought the present copyright infringement lawsuit against Defendants NBC Universal, Inc., NBC Studios, Inc., and Tailwind Productions, Inc. (collectively, "Defendants"). In it, Wild claimed that Defendants, who created, produced and aired the network television series Heroes, infringed Wild's copyright in a his graphic novel, Carnival of Souls. (Docket No. 4, First Amended Complaint ("FAC") ¶¶ 10-11.) In sum and substance, Wild asserted that various characters, storylines, themes and settings from Carnival of Souls purportedly appeared in season four of Heroes, which added as a story element a traveling carnival populated by persons with special abilities. (Id. ¶¶ 14-20; Exs. 1-10.)

After this action was filed, Defendants sent a detailed meet and confer letter to Plaintiff, explaining their intention to file a motion to dismiss and to seek recovery of attorneys' fees unless the lawsuit was voluntarily dismissed with prejudice. (Title Decl., Ex. 2 [July 19, 2010 Letter].) Plaintiff ignored the demand. Subsequently, on August 10, 2010, Defendants filed their motion to dismiss, and it was granted by this Court on May 24, 2011. (Docket No. 32.)

In the order, the Court explained, among other things, that the two works were radically different, and that the characters, storylines, themes, and settings in Heroes, that Plaintiff identified as being substantially similar to the elements in Carnival of Souls, had virtually nothing in common. (Corrected Order at 14-35.) Indeed, the Court even concluded as follows

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3615 GAF (AJWx) | Date | July 18, 2011 |
|---|---|---|---|
| Title | Jazan Wild v. NBC Universal et al | | |

after analyzing the purported similarities between the two works:

> Based on the foregoing, the Court concludes that, even if those who wrote the Season Four episodes of Heroes had access to Carnival of Souls, and even if they read the work and drew inspiration from it, the two works are not substantially similar within the meaning of Ninth Circuit copyright jurisprudence.

(Id. at 35.)

Based on these findings, the Court dismissed the copyright infringement claim without leave to amend. (Id.) Further, because the state law causes of action were clearly preempted by the Copyright Act, the Court dismissed these claims as well without leave to amend. (Id. at 35-38.) Defendants now move for attorneys' fees and costs pursuant to Section 505 of the Copyright Act. (Docket No. 33, Not. at 2.) The Court **GRANTS** this motion, and explains its reasoning in greater detail below.

## II. DISCUSSION

### A. LEGAL STANDARD

"Under the Copyright Act of 1976, a district court has the discretion to award 'a reasonable attorneys' fee to the prevailing party.'" Love v. Associated Newspapers, Ltd., 611 F.3d 601, 614 (9th Cir. 2010) (citing 17 U.S.C. § 505)). The applicable test is set forth in Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994): "(1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and (5) the need, in particular circumstances, to advance considerations of compensation and deterrence." Love, 611 F.3d at 614 (citation omitted). While all of these factors can be considered, they "need not all be met," and "attorney's fee awards to prevailing defendants are within the district court's discretion if they further the purposes of the Copyright Act and are evenhandedly applied." Fantasy, Inc. v. Fogerty, 94 F.3d 553, 558 (9th Cir. 1996). "While the discretion to award fees and costs does not require an explicit finding of bad faith or blameworthiness on behalf of the losing party, any improper motives or 'culpability in bringing or pursuing the action' may also influence this determination." Scott v. Meyer, 2010 WL 2569286, at *1 (C.D. Cal. June 21, 2010) (quoting Fantasy, 94 F.3d at 555-58).

### B. APPLICATION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3615 GAF (AJWx) | Date | July 18, 2011 |
|---|---|---|---|
| Title | Jazan Wild v. NBC Universal et al | | |

**1. THE FOGERTY TEST**

Defendants contend that an evaluation of the Fogerty factors favors granting them an award of reasonable attorneys' fees in this case. (Mem. at 5-7.) Plaintiff, on the other hand, opposes essentially by rearguing the merits of the case that was rejected by this Court. (Opp. at 3-5.) As discussed below, the Fogerty factors strongly support Defendants' claim for attorneys' fees.

*a. The Degree of Success Obtained*

Here, Defendants obtained complete success in this action when the Court dismissed all of the claims set forth in the FAC without leave to amend. (Corrected Order at 38.) Accordingly, this factor favors of granting Defendants' request for attorneys' fees. See Yue v. Storage Tech. Corp., 2008 WL 4185835, at *3 (N.D. Cal. Sept. 5, 2008) (holding that the first factor weighs in favor of granting fees because Defendants "obtained a dismissal of the entire action with prejudice," and Defendants "established that Plaintiff could not assert new copyrights against Defendants. . . .").

*b. The "Frivolousness" and "Objective Reasonableness" Factors*

The Court next considers the frivolousness and objective reasonableness of Plaintiff's copyright infringement and state law causes of action. For both of these factors, the Court must consider whether Plaintiff's claims were lacking in both legal and factual basis. Gilbert v. New Line Prods., Inc., 2010 WL 5790688, at *2-3 (C.D. Cal. Dec. 6, 2010). Here, the Court's view of the dispute leaves little doubt that Plaintiff's lawsuit against Defendants was frivolous in nature and objectively unreasonable. As explained in this Court's order, Heroes and Carnival of Souls tell radically different stories, have virtually no characters in common, contain no similar dialog, and have completely different themes and moods. In short, none of the elements in Heroes are substantially similar to the alleged "protected elements" in Plaintiff's novel. (Corrected Order at 14-35.) Further, because Plaintiff's state law causes of action essentially sought the same relief available under the Copyright Act, the Court concluded that the state law claims were clearly preempted. (Id. at 35-38.) Accordingly, the Court holds that this factor also favors an award of attorneys' fees in the case at hand. See Gilbert, 2010 WL 5790688, at *2-3 (C.D. Cal. Dec. 6, 2010). (holding that the "frivolousness" and "objective reasonableness" factors weighed in favor of awarding the defendant its request for attorneys' fees where the issue of substantial similarity was "not a close one.").

*c. Motivation*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3615 GAF (AJWx) | Date | July 18, 2011 |
|---|---|---|---|
| Title | Jazan Wild v. NBC Universal et al | | |

"Courts generally hold that a finding of bad faith can be based on 'not only the actions that led to [the] lawsuit, but also [] the conduct of the litigation.'" Gilbert, 2010 WL 5790688, at *3 (quoting Hall v. Cole, 412 U.S. 1, 15 (1973)). Here, Defendants contend that Plaintiff's improper motive can be presumed from his decision to file this meritless lawsuit and to maintain the action to extract an undeserved settlement payment. (Mem. at 6.) However, because Defendants have failed to introduce evidence that Plaintiff was seeking to settle the lawsuit, or that he exhibited bad faith conduct during the litigation, this argument fails to persuade the Court that bad faith, as opposed to wishful thinking, motivated Wild. Accordingly, although the Court considers it a close question, the Court concludes that this factor is neutral in its consideration of the merits of the pending motion.

### d. Considerations of Compensation and Deterrence

As Circuit law teaches, an award of attorneys' fees should "advance considerations of compensation and deterrence." Fantasy, Inc., 94 F.3d at 558 n.2 (citation omitted). Here, Defendants obtained complete victory, and the Court has determined that Plaintiff's lawsuit was objectively unreasonable and frivolous. Even though the evidence has not persuaded the Court that suit was filed in bad faith, a fee award in this case is justified in order to deter Plaintiff, and those similarly situated, from prosecuting such meritless copyright infringement claims. See id. (stating that "a successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright. . . .") (internal quotations and citation omitted). Accordingly, this factor weighs in favor of Defendants' motion as well.

### e. Conclusion re: Fogerty Factors

In sum, after considering the factors set forth in Fogerty, the Court holds that an award of attorneys' fees is justified in this case. As such, the Court **GRANTS** Defendants' motion and proceeds to consider whether the amount of attorneys' fees sought is reasonable.

### 2. WHETHER THE AMOUNT OF ATTORNEYS' FEES REQUESTED IS REASONABLE

Here, Defendants seek $119,042 in attorneys' fees, which represents 274.8 hours of work that was billed by their attorneys while defending this lawsuit, and the charges made ($5,000) in conjunction with drafting this motion. (Title Decl. ¶¶ 7, 13, 15, 18.) In sum, the law firm that represented Defendants staffed the case with two partners, Gail Migdal Title and Joel R. Weiner, and two associates, Cory A. Baskin and Rebecca F. Ganz. (Id. ¶¶ 1, 8-11.) These attorneys respectively charged the following hourly rates: $532, $459, $404, and $260. (Supp. Title Decl.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3615 GAF (AJWx) | Date | July 18, 2011 |
|---|---|---|---|
| Title | Jazan Wild v. NBC Universal et al | | |

¶ 2.)

The Ninth Circuit has specified that "[d]espite a district court's discretion in determining the amount of a fee award, it must calculate awards for attorneys' fees using the lodestar method." Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 982 (9th Cir. 2008) (citation and internal quotation marks omitted). The lodestar figure is calculated by "multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Id. at 978. Thus, the amount of attorneys' fees "must be [based] on the facts of each case." Id. (citing Hensley v. Eckerhart, 461 U.S. 424, 429 (1983)). While in most cases the lodestar figure is "presumptively reasonable," in rare cases a district court "may make upward or downward adjustments to the presumptively reasonable lodestar on the basis of those factors set out in Kerr v. Screen Actors Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975), that have not been subsumed in the lodestar calculation." Id. at 982 (quoting Gates v. Deukmejian, 987 F.2d 1392, 1402 (9th Cir. 1992)).

Here, the Court finds that the hourly rates charged by these attorneys fall within the range of rates charged by similarly situated attorneys in the Los Angeles area. The Court has addressed numerous attorneys' fees motions and is thoroughly familiar with billing rates charged by counsel in the local legal market. Accordingly, the Court concludes that the rates are reasonable.

However, after evaluating the itemized bill, the Court deducts a total of $6,451.20 from the $119,042 in attorneys' fees that were requested by Defendants. In sum, the Court eliminated some charges in the billing invoice because of duplication—work done by one attorney apparently being re-done by another. Based on this deduction, the Court recomputed the bill at **$112,590.80**.

**3. COSTS**

"Section 505 allows the Court in its discretion to award 'full costs.'" Gilbert, 2010 WL 5790688, at *6 (quoting 17 U.S.C. § 505). Here, Defendants seek a total of $579.99 in non-taxable costs for purchasing books, comic books, DVD sets, photocopying, shipment expenses, and local couriers to the Court and Plaintiff's counsel. (Supp. Title Decl. ¶¶ 4-5.) After reviewing the billing invoices for these costs, the Court finds the charges to be reasonable, except for the $128.94 that was spent purchasing three DVD sets of season four of Heroes. Because counsel has given no good reason why these DVDs could not have been obtained from their clients at no cost, the Court finds these charges to be unwarranted. Accordingly, the Court recomputed the final costs at **$451.05**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3615 GAF (AJWx) | Date | July 18, 2011 |
|---|---|---|---|
| Title | Jazan Wild v. NBC Universal et al | | |

### III. CONCLUSION

In sum and substance, because all of the Fogerty factors support Defendants' motion, the Court **GRANTS** Defendants' motion for an award of **$113,041.85** in attorneys' fees and costs pursuant to § 505 of the Copyright Act.

**IT IS SO ORDERED.**